McCORD, Judge.
This is an interlocutory appeal from an order denying appellants’ motion to dismiss and appellant Saul Silber’s motion to abate. The motion to abate is grounded upon Saul Silber’s contention that he was not validly served with process and that he had not voluntarily appeared as to the merits and thus has not waived the necessity of process. The motion to dismiss bears the case style showing both the corporate and the individual appellants. It *164 is signed by Lynn M. LoPucki as “attorney for defendant.” Nowhere in the motion does it specify the particular defendant on whose behalf it was filed. Lynn M. Lo-Pucki represents both defendants — the corporation and the individual. Other pleadings in the file indicate a lack of clarity as to whether they are filed on behalf of one or the other or both defendants. We construe the motion to dismiss as having been filed on behalf of both defendants (appellants).
The ground for dismissal stated in the motion is that appellee (the plaintiff) failed “to post a bond with surety to be approved by the Clerk of $100, conditioned to pay all costs which may be adjudged against Plaintiff in this action.” The requirement for bond is stated in § 57.011, Florida Statutes, as follows:
“Costs; security by nonresidents. — When a nonresident plaintiff begins an action or when a plaintiff after beginning an action removes himself or his effects from the state, he shall file a bond with surety to be approved by the clerk of one hundred dollars, conditioned to pay all costs which may be adjudged against him in said action in the court in which the action is brought. On failure to file such bond within thirty days after such commencement or such removal, the defendant may, after twenty days’ notice to plaintiff (during which the plaintiff may file such bond), move to dismiss the action or may hold the attorney bringing or prosecuting the action liable for said costs and if they are adjudged against plaintiff, an execution shall issue against said attorney.”
The record shows that the notice required by the foregoing statute was given by appellant to appellee and there is no indication in the record that a bond was filed prior to or during the period between the notice and the hearing on the motion. Although the trial court found the file to be “completely devoid of anything to indicate that plaintiff is or is not a nonresident corporation”, the accounts attached to appellee’s amended statement of claim show its address to be Woodside, New York. In addition, a sworn proof of claim of appellee shows it to be incorporated under the laws of California.
Appellee argues that the foregoing statute only applies to persons and not to corporations. We find no merit to that argument. The statute by its terms applies to nonresident plaintiffs. Appellee further argues that if the statute is applied to nonresident corporations, such would constitute a burden on interstate commerce. We do not consider this cost bond requirement placed upon a nonresident who uses the courts of this state for collection of a claim to constitute such a burden. It was error for the trial court to deny appellants’ motion to dismiss.
In view of our ruling on the motion to dismiss, the issue raised by appellant as to the motion to abate is moot.
Reversed.
RAWLS, Acting C. J., and MILLS, J., concur.